**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ahmed Al-Harbi, | No. CV-10-600-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Eric H. Holder, Jr., et al., | |
| Defendant. | |

Pending before the Court are Defendants' Motion for Limited Remand, (Doc. 11), and Plaintiff's Cross-Motion for Limited Remand or Judicial Determination on Application, (Doc. 14). For the following reasons, the Court grants Defendants' Motion for Limited Remand in-part, grants-in-part Plaintiff's Cross-Motion for Limited Remand, and denies Plaintiff's Cross-Motion for a Judicial Determination on Application.

Plaintiff Ahmed Al-Harbi alleges that he is a citizen of Iraq and a lawful permanent resident of the United States. In July 2003, Plaintiff filed an application for naturalization. In 2004, he had his initial interview with the U.S. Citizenship and Immigration Services ("CIS"). CIS has yet to make a determination on his application. The parties now agree that this Court may "either determine the matter or remand the matter, with appropriate instructions, to [CIS] to determine the matter." 8 U.S.C. § 1447(b).

Defendants state that CIS is prepared to act on Plaintiff's application, but that a remand from this Court is needed first to allow CIS to do so. *See United States v. Hovsepian*,

359 F.3d 1144, 1159–60 (9th Cir. 2004) (holding that where a district court has exclusive jurisdiction under 8 U.S.C. § 1447(b), the court may remand the matter to CIS). Defendants' Motion then lists several proposed conditions of remand, one of which is to "schedule the Re-Interview no later than 20 business days after the date the Interview Notice is sent out."

It is unclear the extent to which Plaintiff opposes remand to CIS. Plaintiff contends that Defendants' proposed conditions of remand would violate 8 C.F.R. § 335.3, which requires, in part, that the CIS "inform the applicant in writing of the grounds to be overcome or the evidence to be submitted" in a Re-Interview. Plaintiff contends that Defendants' proposed conditions state nothing about informing the applicant in writing of the basis and evidence for the Re-Interview. It appears likely, however, that Defendants anticipated sending Plaintiff such notice in the "Interview Notice" it offered to send. In any event, the Court specifically will order that Defendants include all notice as required by federal law, including 8 C.F.R. § 335.3.

Aside from this notice provision, Plaintiff offers no argument why remand would be inappropriate, other than to note that this Court may also make a determination of his application. Plaintiff provides his own proposed instructions upon remand, but those instructions do not provide CIS with a reasonable time to complete a Re-Interview and to render a fair and complete adjudication. Nonetheless, the Court is mindful that, despite having his initial interview in 2004, Plaintiff still is without an adjudication of his application. Upon review of both parties' proposed conditions of remand, the Court remands the case with instructions.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Limited Remand, (Doc. 11), is **GRANTED-IN-PART** and **DENIED-IN-PART**.

**IT IS FURTHER ORDERED** that Plaintiff's Cross-Motion for Limited Remand, (Doc. 14), is **GRANTED-IN-PART** and **DENIED-IN-PART**.

**IT IS FURTHER ORDERED** that Plaintiff's Cross-Motion for a Judicial Determination on Application, (Doc. 14), is **DENIED**.

**IT IS FURTHER ORDERED** that CIS shall **comply with the following**

1. **instructions** upon remand:

    1. No later than 5 business days from the date of this Order, CIS shall send to Plaintiff an Interview Notice and Request for Evidence (RFE), along with any other notice required by law.

    2. CIS shall schedule the Re-Interview no later than 20 business days after the date the Interview Notice is sent to Plaintiff.

    3. CIS shall adjudicate the application and issue a decision no later than 10 business days after the Re-Interview or 10 business days after the date it receives the documents subject to a RFE, whichever is later.

    4. If the application is approved, CIS shall issue an oath ceremony notice to Plaintiff no later than 5 business days after the date a decision is issued.

    5. If CIS fails to make a timely decision, Defendants will notify the Court within 5 business days.

    DATED this 20th day of July, 2010.

    *signature*
    G. Murray Snow
    United States District Judge