**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ahmed Al-Harbi, ) | No. CV-10-600-PHX-GMS |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Eric H. Holder, Jr., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court are Plaintiff's Motion to Assume Jurisdiction (Doc. 18) and Defendants' Motion to Dismiss for Lack of Jurisdiction (Doc. 22). For the reasons stated below, the Court grants the Motion to Dismiss for Lack of Jurisdiction and denies as moot Plaintiff's Motion to Assume Jurisdiction.

**BACKGROUND**

On July 14, 2003, Plaintiff Ahmed Al-Harbi ("Al-Harbi") filed an application for naturalization with Citizenship and Immigration Services ("CIS"), a bureau within the Department of Homeland Security. CIS is required to interview each applicant for naturalization. Once the interview takes place, CIS has 120 days to decide whether the applicant will be granted citizenship. 8 U.S.C. §§ 1446–1447. CIS interviewed Al-Harbi on January 27, 2004, but a determination was not made within the 120-day deadline.[1]

---

[1] The 120-day period begins to run after the applicant's first interview. *See United States v. Hovsepian*, 359 F.3d 1144, 1151 (9th Cir. 2004) (en banc).

On March 8, 2010, Al-Harbi filed suit in this Court, petitioning for writ of mandamus and declaratory judgment under 28 U.S.C. § 1361, 28 U.S.C. § 2201, and 5 U.S.C. § 702. A few months later, Plaintiff amended his Complaint, asserting only his statutory right to judicial intervention pursuant to 8 U.S.C. § 1447(b). Plaintiff requested that we either adjudicate his application *de novo* or compel CIS to promptly adjudicate it. After the Court accepted jurisdiction pursuant to § 1447(b), Defendants requested that we remand the case to CIS with specific instructions because they were prepared to act on Plaintiff's application, but required a remand order in order to do so. Al-Harbi opposed Defendants' motion, but filed his own cross-motion for limited remand requesting a modified set of instructions based on those proposed by Defendants.

Cognizant of the fact that Plaintiff's application had been pending for seven years, the Court, on July 20, 2010, remanded the case with specific instructions to CIS for adjudication of Plaintiff's citizenship application. (Doc. 17). In that Order, the Court instructed CIS to comply with the following instructions:

> (1) No later than 5 business days from the date of this Order, CIS shall send to Plaintiff an interview Notice and Request for Evidence (RFE), along with any other notice required by law.
>
> (2) CIS shall schedule the Re-Interview no later than 20 business days after the day the Interview Notice is sent to Plaintiff.
>
> (3) CIS shall adjudicate the application and issue a decision no later than 10 business days after the Re-Interview or 10 business days after the date it receives the documents subject to a RFE, whichever is later.
>
> (4) If the application is approved, CIS shall issue an oath ceremony notice to Plaintiff no later than 5 business days after the date a decision is issued.
>
> (5) If CIS fails to make a timely decision, Defendants will notify the Court within 5 business days.

On July 22, 2010, two days after the Court's remand order, CIS sent Plaintiff an Interview Notice and RFE for two current photographs. Plaintiff was re-interviewed on August 3, 2010, and on that same date, a second RFE was issued, requesting a significant amount of additional documentation related to Al-Harbi's arrest record, including, but not limited to, police reports, pre-sentence reports, plea agreements, court dispositions, driving record, as

- 2 -

well as copies of his passport and travel documents. On September 2, 2010, Plaintiff submitted his response to the second RFE.

Plaintiff alleges that CIS violated the Court's instructions by not including a request for all of the evidence they required as part of the first RFE, and prior to his re-interview. He interprets 8 C.F.R. § 335.3 to so require.[2] Additionally, Plaintiff alleges that much of the evidence requested by the second RFE was duplicative of documents he had already provided. As a result, on August 23, 2010, Plaintiff filed a Motion asking the Court to once again assume jurisdiction. On September 17, 2010, ten business days after CIS received the documents subject to the second RFE, and while Plaintiff's Motion was still pending with this Court, CIS issued its decision, denying, without prejudice, Al-Harbi's application pursuant to § 316(a)(3) of the Immigration and Nationality Act for failure to satisfy the good moral character requirement. (Doc. 23, Ex. 1). Defendants now move to dismiss the case for lack of jurisdiction while Plaintiff alleges that this Court retains jurisdiction because of CIS' alleged violation of this Court's July 2010 Order.

## LEGAL STANDARD

It is a fundamental precept that federal courts are courts of limited jurisdiction. Limits upon federal jurisdiction must not be disregarded or evaded. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365 (1978). A Rule 12(b)(1) motion to dismiss "for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). "In resolving a

---

[2] 8 C.F.R. § 335.3 provides:

(b) Rather than make a determination on the application, the Service officer may continue the initial examination on an application for one reexamination, to afford the applicant an opportunity to overcome deficiencies on the application that may arise during the examination. The officer must inform the applicant in writing of the grounds to be overcome or the evidence to be submitted.

- 3 -

1  factual attack on jurisdiction, the district court may review evidence beyond the complaint
2  without converting the motion to dismiss into a motion for summary judgment." *Safe Air for*
3  *Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A district court is not limited to
4  considering the allegations in the pleadings so long as the "jurisdictional issue is separable
5  from the merits of [the] case." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).
6  The Court is "free to hear evidence regarding jurisdiction and to rule on that issue prior to
7  trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074,
8  1077 (9th Cir. 1983).

9  The plaintiff has the burden to establish that subject matter jurisdiction is proper.
10 *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "A dismissal for lack of
11 subject matter jurisdiction is a final judgment." *Whisnant v. United States*, 400 F.3d 1117,
12 1180 (9th Cir. 2005).

## DISCUSSION

14 Once a naturalization application is filed, the CIS employee designated to conduct an
15 examination "shall make a determination as to whether the application should be granted or
16 denied, with reasons therefor." 8 U.S.C. § 1446(d). There are two primary avenues by which
17 applicants can invoke the jurisdiction of a district court in the context of naturalization
18 proceedings. First, if the Service fails to make a determination on the naturalization
19 application within 120 days of the first interview, the applicant can request the district court
20 to take jurisdiction pursuant to 8 U.S.C. § 1447(b). Alternatively, once a denial decision is
21 issued, and after an immigration officer has upheld the denial, the applicant may appeal the
22 decision to a district court pursuant to 8 U.S.C. § 1421(c).[3] Plaintiff only seeks to invoke this

---

[3] Pursuant to 8 U.S.C. § 1447(a), "[i]f after an examination under § 1446 of this title, an application for naturalization is denied, the applicant may request a hearing before an immigration officer." If the examiner upholds the denial on appeal, the applicant may appeal the decision to a district court pursuant to 8 U.S.C. § 1421(c). "Such review shall be de novo, and the [district] court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application." 8 U.S.C. § 1421(c).

- 4 -

1 Court's jurisdiction pursuant to § 1447(b), and explicitly states that he is not seeking review
2 pursuant to §1421(c). (Doc. 24).

3       In his Amended Complaint, Plaintiff sought jurisdiction pursuant to 8 U.S.C. §
4 1447(b), which provides that if CIS fails to a make a determination on a naturalization
5 petition within 120 days after the date on which the examination is conducted, "the applicant
6 may apply to the United States district court for the district in which the applicant resides for
7 a hearing on the matter." Specifically, Al-Harbi requested that the Court either adjudicate his
8 application *de novo* or, in the alternative, compel CIS to promptly adjudicate it. The court to
9 which application is made "has jurisdiction over the matter and may either determine the
10 matter or remand the matter, with appropriate instructions, to the Service to determine the
11 matter." 8 U.S.C. § 1447(b). In *United States v. Hovsepian,* the Ninth Circuit held that
12 § 1447(b) gives the district court exclusive jurisdiction over a pending naturalization
13 application when: (1) over 120 days pass from the date of the initial CIS examination; (2)
14 the applicant properly invokes the court's authority; and (3) there are no deportation
15 proceedings pending against the applicant. 359 F.3d 1144, 1164 (9th Cir. 2004) (en banc).

16       When the Court initially assumed exclusive jurisdiction pursuant to § 1447(b), it could
17 have either determined the matter on the merits or remanded, with appropriate instructions,
18 to CIS for adjudication. 8 U.S.C. § 1447(b); *Hovsepian*, 359 F.3d at 1161. Because
19 Defendants stated that CIS was prepared to act on Plaintiff's application, but that a remand
20 from this Court was needed first, this Court remanded to CIS, with appropriate instructions,
21 on July 20, 2010. (Doc. 17). *Hovsepian* clarifies that the wording of §1447(b) "shows that
22 Congress intended to vest power to decide languishing naturalization applications in the
23 district court *alone*, *unless* the court chooses to 'remand the matter' to the INS, with *the*
24 *court's* instructions." 359 F.3d at 1160.

25       Nevertheless, when the Court remanded this matter to CIS on July 20, 2010, its
26 jurisdiction over Plaintiff's application ceased. Based on the text of § 1447(b), the context
27 of related statutory provisions, and Congress' policy objectives, the statute does not allow
28 for concurrent jurisdiction. *Id.* at 1159–1161 ("By providing that the court may 'remand the

- 5 -

1   matter, with appropriate instructions, to the Service to determine the matter,' § 1447(b)
2   allows the district court to order the INS to adopt the court's fact-finding and conclusions,
3   a hierarchical result that is more consistent with exclusive jurisdiction than with concurrent
4   jurisdiction."). When Plaintiff filed a second Motion to Assume Jurisdiction pursuant to
5   § 1447(b) based on CIS' failure to follow this Court's remand order, neither the second
6   motion nor CIS' alleged failure to abide by the Court's remand order automatically resulted
7   in re-vesting jurisdiction in this Court. Indeed, the Court had not ruled on Plaintiff's Motion
8   to Assume jurisdiction when CIS issued its decision.[4] Thus CIS retained the jurisdiction to
9   make a binding determination, which it did, prior to this Court's ruling on Plaintiff's request
10  that this Court retake jurisdiction. In doing so, CIS mooted Plaintiff's motion.[5]

11  The significant relief that plaintiff obtained through this litigation was getting his
12  naturalization application adjudicated. Section 1447(b) is "a statutory check on what could
13  otherwise amount to an infinite amount of time available to the government in which to
14  render a decision on the application[.]" *Alghamdi v. Ridge*, 2006 WL 5670940, *5 (N.D.Fla.
15  Sept. 25, 2006).  The Ninth Circuit has noted that "[a] central purpose of [§ 1447(b)] was to
16  reduce the waiting time for naturalization applicants." *Hovsepian*, 359 F.3d at 1163 (citing
17  H.R.Rep. No. 101-87, at 8 (1989); 135 Cong. Rec. H4539-02, H4542 (1989) (statement of
18  Rep. Morrison)). At the time Al-Harbi filed his Complaint, his naturalization application had
19  been pending for approximately seven years. Plaintiff's action put an end to the delay in
20  processing his application by obtaining a Court order that forced CIS to decide his case in
21  a timely manner. Less than two months after the Court remanded his case to CIS, Al-Harbi
22  was issued a decision. Section § 1447(b) does not provide this Court with jurisdiction to
23  provide any post-decision relief because of an unfavorable decision. Thus, even assuming

---

[4] CIS issued its decision on Al-Harbi's application 4 days before Al-Harbi filed his reply to the pending Motion to Assume Jurisdiction.

[5] Even assuming that the Court retained concurrent jurisdiction for the purpose of enforcing its own order, CIS could issue a final decision on Plaintiff's application until the Court issued an order depriving CIS of jurisdiction.

- 6 -

1  that CIS did not follow the spirit of this Court's remand order, Plaintiff received the relief
2  he initially sought from this Court, namely compelling CIS to adjudicate his application,
3  prior to this Court resuming jurisdiction. Further, Plaintiff has not alleged any prejudice
4  specifically arising from CIS' alleged failure to follow this Court's order.

5  Once CIS issued its decision, Plaintiff's cause of action became moot because the
6  Court was no longer able to grant effective relief. *See GTE California, Inc. v. F.C.C.*, 39 F.3d
7  940, 945 (9th Cir. 1994) ("Where events have occurred that prevent us from granting
8  effective relief, we lack jurisdiction and must dismiss the appeal." (quoting *Enrico's, Inc. v.*
9  *Rice*, 730 F.2d 1250, 1254 (9th Cir. 1984))); *Friends of the Earth, Inc. v. Bergland*, 576 F.2d
10 1377, 1379 (9th Cir. 1978) (noting that where the activities sought to be enjoined or ordered
11 have already occurred, and the court cannot undo what has already been done, the action is
12 moot). Now that CIS has denied Plaintiff's application for naturalization, he must exhaust
13 his administrative remedies with respect to the denial decision before he may appeal to the
14 district court pursuant to 8 U.S.C. § 1421(c).[6]

15 **IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 22)
16 pursuant to Federal Rule 12(b)(1) is **GRANTED**.

17 **IT IS FURTHER ORDERED** that Plaintiff's Motion to Assume Jurisdiction
18 (Doc. 18) is **DENIED** as moot.

19 **IT IS FURTHER ORDERED** that the Clerk of the Court is directed to **terminate**
20 this action.

21 DATED this 3rd day of March, 2011.

_____
G. Murray Snow
United States District Judge

---

[6] The Court need not independently dismiss Plaintiff's claims against FBI Director Robert S. Mueller because a dismissal for lack of subject matter jurisdiction is a final judgment and, in this case, pertains to all of the named Defendants.